On writ of certiorari (351 U. S. 981) to review a judgment of the United States Court of Claims in a suit involving the accelerated amortization privileges of the Internal Revenue Code of 1939, the Court of Claims holding that plaintiff was entitled to recover.
*815 The judgment of the Court of Claims was reversed by the Supreme Court on January 22, 1957, in an opinion by Mr. Justice Black. The opinion reads, in part, as follows:
In 1953 respondent first raised the claim which is the basis of this suit that the Board had no authority to certify only part of the cost of a necessary emergency facility. Respondent concedes that the [War Production] Board had discretion to refuse to issue any certificate at all, but contends that once it decided that a facility was necessary to the national defense its function was at an end and that any attempt by it to limit the certification to a part of the cost of such facility was a nullity. Therefore, respondent contends, it was entitled to accelerate the amortization of the full cost of those facilities covered by the three partial certificates and not just that part of the full cost which had been certified by the Board. On the basis of these contentions respondent filed the present action in the Court of Claims to recover an alleged overpayment of its 1944 and 1945 income taxes. The Court of Claims accepted respondent’s arguments and rendered judgment for it. 134 Ct. Cl. 800. We granted certiorari because of the conflict between this decision and that of the Court of Appeals for the Second Circuit in Commissioner v. National Lead Co., 230 F. 2d 161.
Perhaps § 124 (f) could have been construed differently. But it was not. Construed as it was, it served its purpose. It contributed materially to the phenomenal expansion of our industrial plant which was so necessary for successful prosecution of the war. Certificates issued for only a portion of the cost of necessary facilities were accepted by business in general, and respondent in particular — apparently without substantial objection. The technique employed in § 124 (f) was a new one and those who drafted that section could not be certain how it would work in practice. They could not foresee the many problems that would arise in the administration of this swepping power which could be used to encourage expansion of any industry producing materials useful in the all-out war effort. Therefore it is not strange that the provision was loosely drawn and, in some respects, imprecise. However it would have been strange in these circumstances if Congress had embarked on this new course without leaving wide discretion for flexible administration in the light of the day-to-day grind of *816 experience. Tbe language of § 124 (f) lends itself to such flexibility.
We bold that the Board had authority under § 124 (f) to issue certificates, as in this case, certifying that only a part of the cost of essential wartime improvements was necessary to the national defense. Therefore, the judgment of the Court of Claims must be reversed.